UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **09-CV-60780-Dimitrouleas-Snow**

JEFFREY D. BIANCHI,

     Plaintiff,

v.

LTD FINANCIAL SERVICES, LP,

     Defendant.

_____/

FILED by **VT** D.C.
ELECTRONIC

**May 27, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA"). Plaintiff also alleges a state law tort for intrusion upon seclusion.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, JEFFREY D. BIANCHI, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.    Defendant, LTD FINANCIAL SERVICES, LP, is believed to be a limited partnership with its principal place of business at Suite 1600, 7322 Southwest Freeway, Houston, Texas 77074.

5.    Defendant is registered as a consumer debt collector with the Florida Department of Financial Regulation.

6.    Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.    Defendant  regularly collects or attempts to collect debts for other parties.

8.    Defendant is a "debt collector" as defined in the FDCPA and the FCCPA.

9.    Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10.    Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

2

11.   Defendant left the following messages on Plaintiff's voice mail on his

cellular telephone, or his relatives voice mail where indicated, on or about the dates

stated:

May 15, 2008
This message is intended for Jeffrey Bianchi. This is Caroline. Sir, I need to
speak with you. It is very important that I do so. The number is 800-741-
2100. The extension is 3464. Thank you.

May 17, 2008
Mr. Jeff, Jeff Bianchi. This is Ms. Palm, sir. It is imperative that I speak with
you. My phone number is 1-800-741-2100, extension 2449. Mr. Jeffrey, it is
imperative, sir, that you do return the call. I am not selling anything. I do
need to speak with you, sir, pertaining to information that was forwarded to
my office, sir, that needs your immediate attention. 1-800-741-2100,
extension 2449.

May 19, 2008
Hello, Jeffrey. I am going to be frank with you. You tell us not to call, you
know, at your work. You know, so we call you at your house. You do not
return any calls. My name is Robbie with LTD. We do need to speak to you
concerning a personal business matter. You need to at least touch base with
me. I mean if you refuse to do whatever, I mean you refuse, but if you hang
up on us, we are still going to call. We are going to call. We are going to call
wherever we can reach you. We are not going to stop till this is taken care
of. You need to call me at 1-800-741-2100, extension 2728. I do need to
speak with you Jeffrey. My name is Robbie. You can call me. I will be here
from 11 o'clock Central Standard time till about 9 o'clock Central Standard
time, so just give me a call tomorrow. My name is Robbie and we are with
LTD Financial. Thank you.

## May 20, 2008 – **Sister's Home in Massachusetts**
Hi, this is Bob Riley calling. I am trying to get a hold of Jennifer Lemieux.
Ms. Jennifer, there is a person named Jeff Bianchi, apparently he's got a
relation to you, and I need to speak with about a business matter in my
office. I would appreciate it if you would have him call me. It is real simple.
I just lost his phone number. My number is 1-800-741-2100 and my

3

extension is 2295. I will be here for about another three hours or so. I would appreciate it if you give me a call back when you get the message. Thanks. Have a good day.

May 20, 2008
Hi, Mr. Bianchi. This is Bob Riley calling. I wanted to speak with you for a minute about a business matter here in my office. I would appreciate it if you would give me a call back. 1-800-741-2100. The extension is 2295. Appreciate it and you have a good day.

May 22, 2008
Jeff. Hi. This is Bob Riley calling. I have got a personal business matter of yours here. One of my agents spoke with you a week ago or so, and you were real clear about how bad it was that we called you at work, and yet your won't take the call at home either. So put yourself in the position of us for just a second. What would you do? I will tell you what, I am going to give you my number and my extension. I would like to discuss this business matter of yours looming over our heads since the 15th of this month. The number is 1-800-741-2100. The extension is 2295. It is real simple stuff. You call, we make arrangements. That is how it works, all right. Thanks.

May 23, 2008
Jeff Bianchi, this is Bob Riley calling. My number is 1-800-741-2100, extension is 2295. I would really appreciate it if you would give me a call and leave me a voice message and let me know the best time to get a hold of you when you are not at work. Again 1-800-741-2100, extension is 2295. Have a good Memorial Day.

May 27, 2008
Yes, this message is intended for Jeffrey. My name is Cheryl Rivera. It is very important that he gets this message and gives me a return call. The number that I can be reached at is 1-800-741-2100, extension is 3404. Thank you and have a great day.

May 28, 2008
Jeffrey Bianchi. How you doing? This is Mr. Mosey. Give me a call in reference to this business matter, so we can touch base and resolve this issue. You have 48 hours to contact me or else we'll be forced to resolve it without you. We will make an involuntary decision and move on without your

consent. The number to reach me at is 1-800-741-2100, extension is 2511. Jeffrey Bianchi, give me a call. It is important that you call me.

June 2, 2008
This message is for Jeff Bianchi. I need you to call me back as soon as possible. My number is 1-800-741-2100. Extension is 2295.

June 3, 2008
Yes, this message is intended for Jeffrey. My name is Cheryl Rivera. It is very important that they get this message and give me a return call. The number that I can be reached at is 1-800-741-2100, extension 3404. Thank you and have a great day.

June 10, 2008
Mr. Bianchi. This is Bob Riley calling from LTD in Houston. As you are aware by now, you have a business matter pending in my office. I left a message for you at work and I would appreciate it you would give me a call so we can begin the process of clearing this up. My number is 1-800-741-2100. Extension is 2295. See the problem is, nobody has heard from you. Will that suffice and have a good day.

## June 10, 2008   Parent's home in Las Vegas
Hi, good afternoon. My name is Bob Riley. I am trying to get a hold of Frances Bianchi residence. There is a gentleman who lives in Fort Lauderdale named Jeffrey Bianchi. I don't know if you know him or not, but for some reason this comes up as a connection and I thought I would give you a call. I have got a very important business matter here in my office and I would like to speak with him about it and can't get him on the phone. If you could call him, if you know him, and have him call me, I would appreciate it. My number is 1-800-741-2100. Extension is 2295. Thank you much. Bye.

## June 10, 2008   Sister's Home in Massachusetts
Yeah, I am trying to reach a gentleman by the name of Jeffrey Bianchi. This number comes up as a contact maybe by virtue of relations. If you could get a message to Jeffrey Bianchi in Ft. Lauderdale I sure would appreciate it. I have a very important business matter he needs to take care of. My number is 1-800-741-2100. Extension is 2295. Thank you much. Bye, bye.

June 17, 2008

Yes. This message is intended for Jeffrey. My name is Cheryl Rivera. It is very important that he gets this message and gives me a return call. The number that I can be reached at is 1-800-741-2100, extension 3404. Thank you.

June 25, 2008

This message is for Jeffrey Biachi. My name is Nicole Pope. Please call me at 1-800-741-2100, at extension 2952. Thank you.

July 2, 2008

This message is for Jeffrey Bianchi. My name is Nicole. Please call me at 800-741-2100, extension 2952. Mr. Bianchi, it is important I speak with you. Thank you.

## July 2, 2008   **Parent's home in Las Vegas**

This call is for Jeffrey Bianchi. My name is Nicole. Please call me at 1-800-741-2100. My extension is 2952. Mr. Bianchi, it is important that I speak with you. Thank you.

July 8, 2008

This message is for Jeffrey Bianchi. My name is Justin Coley. Give me a call back at 1-800-741-2100, extension 2931.

July 12, 2008

This is a very important message for Jeffrey Bianchi. My name is Nicole. Please call me at 1-800-741-2100, extension 2952. Mr. Bianchi, I have tried to reach you a few times. Please call me so that I can advise you what the call is regarding. Thank you.

## July 12, 2008   **Parent's home in Las Vegas**

Mr. Jeffrey Bianchi. This is Nicole Poll. Please call me at 1-800-741-2100, extension 2952.

July 12, 2008

This message is for Jeffrey Bianchi. Jeffrey, my name is Ken Scott. My phone number is 800-741-2100. My extension is 2903. Thank you.

July 24, 2008

This message is for Jeffrey Bianchi. Please contact Nicole at 1-800-741-2100. My extension is 2952. Again the number is 800-741-2100, extension 2952.

## July 24, 2008  **Parent's home in Las Vegas**

This is an urgent message for Jeffrey Bianchi. This is Nicole with 1-800-741-2100, extension 2952.

## July 25, 2008, August 16, 2008 **Pre-recorded message**

chance to write down the phone number, this message will repeat. I have an important call for the party of this number. Please return the call to 1-800-741-2100. This is not a solicitation or a sales call. Please call 1-800-741-2100. I appreciate your prompt response.

### July 26, 2008
Hi. This message is for Jeffrey Bianchi. Mr. Bianchi, my name is Paula Dancy. The phone number sir is 800-741-2100. My extension is 2314. Please give me a call.

### July 28, 2008
This message is for Jeffrey Bianchi. Please call Shirley. 1-800-741-2100, extension 2778. The number again is 1-800-741-2100, extension 2778. Thank you.

### July 29, 2008
This message is for Jeffrey Bianchi. Please call Shirley. 1-800-741-2100, extension 2778. The number again is 1-800-741-2100, extension 2778. Thank you.

### August 4, 2008
Mr. Bianchi. This is Mr. Jackson at extension 2522. I need for you to return this call to my office. It seems as though you are treating this as if it is personal, sir. No, it is not personal at all. Mr. Jeffrey it is simply business and I need for you to return this business call the appropriate way by not pushing it to the back of your file as if it were personal, okay. My office number again, sir, is 800-741-2100. Knowledge is power. I am trying to empower you man. Give me a call. Thank you. Goodbye.

### August 20, 2008

This message is for Jeffrey Bianchi. My name is Lola. Give me a call back on 1-800-741-2100, extension 3441. Thank you.

August 21, 2008
This message is for Jeffrey. My name is Vernie. Could you please give me a call back at 1-800-741-2100, extension 2560. Thank you.

August 30, 2008
This message is for Jeffrey Bianchi. My name is Electa Donnelly. Please give me a call back at 1-800-741-2100, extension 2881. Thank you.

September 8, 2008
Hello. This call is for Jeffrey Bianchi. This is Karen Drake. My number is 1-800-741-2100, extension 2326.

September 9, 2008
Hi. This message is for Jeffrey. My name is Christine. Please return my call at 800-741-2100, extension 2625. Thank you.

12.     Defendant left similar or identical messages on the voice mail of

Plaintiff and his relatives on other occasions. (Collectively, "the telephone

messages").

13.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.     In addition to the above cited messages, Defendant telephoned

Plaintiff at his place of employment on numerous occasions, including but not

limited to July 24, 2008, after Plaintiff had informed Defendant that such calls

8

were inconvenient to him because such calls jeopardized his continued employment.

15.    Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

16.    Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

17.    Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

18.    Defendant communicated with Plaintiff's relatives, at their own homes in other states, in connection with the collection of the alleged debt.

19.    Plaintiff did not authorize Defendant to communicate with his relatives.

20.    No court authorized Defendant to communicate with Plaintiff's relatives.

21.    At the time Defendant communicated with Plaintiff's relatives, Defendant had in its possession Plaintiff's cellular telephone number, work number, and his home address and knew all of that information was correct.

22.    Defendant communicated with Plaintiff's relatives in an effort to harass, abuse, embarrass and shame Plaintiff for the purpose of extracting payment from Plaintiff for the alleged debt.

23.    Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

24.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

25.    Defendant willfully or knowingly violated the TCPA.

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**

26.    Plaintiff incorporates Paragraphs 1 through 25.

27.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

28.     Plaintiff incorporates Paragraphs 1 through 25.

29.     Defendant placed telephone calls to Plaintiff without making

meaningful disclosure of its identity when it failed to disclose its name and or that

it is a debt collector and the purpose of Defendant's communication in some of the

telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The*

*Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist.

LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia,*

*Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,*

387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE IN VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30.     Plaintiff incorporates Paragraphs 1 through 25.

11

31.     Defendant caused Plaintiff's telephone to ring repeatedly or

continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C

§1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D.

Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

        a.      Damages;

        b.      Attorney's fees, litigation expenses and costs of suit; and

        c.      Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE SENSE OF URGENCY

32.     Plaintiff incorporates Paragraphs 1 through 25.

33.     Defendant created a false sense of urgency in some of the messages in

violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

        a.      Damages;

        b.      Attorney's fees, litigation expenses and costs of suit; and

        c.      Such other or further relief as the Court deems proper.

## COUNT V
## CALLS MADE TO PLACE OF EMPLOYMENT IN VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

12

34. Plaintiff incorporates Paragraphs 1 through 25.

35. Defendant telephoned Plaintiff at his place of employment on numerous occasions including but not limited to July 24, 2008, after Plaintiff had informed Defendant that such calls were inconvenient to him because such calls jeopardized his continued employment in violation of 15 U.S.C §1692c(a)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT VI
## UNAUTHORIZED COMMUNICATION WITH THIRD-PARTIES IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff incorporates Paragraphs 1 through 25.

37. Defendant communicated with third-parties, Plaintiff's relatives, in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

**COUNT VII**
**ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

38.    Plaintiff incorporates Paragraphs 1 through 25.

39.    Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name, that it is a debt collector and the purpose of its communications, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, by unnecessarily telephoning Plaintiff's relatives, and by continuing to telephone Plaintiff at his place of employment after being told to stop, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

**COUNT VIII**
**HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER**
**COLLECTION PRACTICES ACT**

14

40. Plaintiff incorporates Paragraphs 1 through 25.

41. By failing to disclose its name, that it is a debt collector and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, by telephoning Plaintiff with such frequency at can be reasonably be expected to harass Plaintiff, by telephoning Plaintiff's relatives and by continuing to telephone Plaintiff at his place of employment after being told to stop, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT IX
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

42. Plaintiff incorporates Paragraphs 1 through 25.

43. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

15

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

44.     Defendant intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means to both Plaintiff, his relatives and his place of employment and thereby invaded Plaintiff's privacy, seclusion and solitude.

45.     Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

46.     Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

47.     These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages; and

c.     Such other or further relief as the Court deems proper.

**COUNT X**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

16

48.   Plaintiff incorporates Paragraphs 1 through 25.

49.   Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.   Damages; and

     b.   Such other or further relief as the Court deems proper.

## COUNT XI
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

50.   Plaintiff incorporates Paragraphs 1 through 25.

51.   Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendants practices are in violation of the TCPA and the FCCPA.

52.   Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from placing non-emergency telephone calls to the cellular telephone of any person by the use of an automatic telephone dialing system or pre-recorded or artificial voice without that person's prior express consent.

53.   Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a.   declaring that Defendant's practices violate the TCPA and the FCCPA;

b.   permanently injoining Defendant from engaging in the violative practices; and

c.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 26 day of May, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

18

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jeffrey D. Bianchi | LTD Financial Services, LP |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

*0:09CV 60780-WPD-Snow*

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. | BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |
|---|---|---|---|---|

| | | | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | | ☐ 1 | |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | | 2 | 2 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION**     (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.     1-2** days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

## NATURE OF SUIT     (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | | | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court | ☐ 3. Remanded from Appellate Court / ☐ 4. Refiled / ☐ 5. Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 | CLASS ACTION No | DEMAND $ N/A | Check YES only if demanded in complaint JURY DEMAND: | ☐ YES ☐ NO |
|---|---|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):     JUDGE          DOCKET NUMBER

DATE: May 26 2009          SIGNATURE OF ATTORNEY OF RECORD

| UNITED STATES DISTRICT COURT | FOR OFFICE USE ONLY: Receipt No. *546382* | Amount *350 00* |
|---|---|---|
| S/F 1-2 REV. 9/94 | Date Paid: _____ | M/ifp: _____ |